**Piedad COLIMA–AGUIRRE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70542.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2006.

Filed March 12, 2007.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Margaret Taylor, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, TROTT, and BEA, Circuit Judges.

## MEMORANDUM *

This petition comes to us from the denial by the Board of Immigration Appeals (BIA) of a motion to remand to the Immigration Court to seek consideration of new evidence weighing upon the petitioner's request for "special rule" cancellation of removal pursuant to § 240A(b)(1) of the Immigration and Nationality Act. The new evidence arose from an incident that allegedly occurred after the adverse decision of the Immigration Judge that was then on appeal to the BIA. The evidence consisted of allegations supported with documentation that the petitioner's permanent resident husband had recently (1) battered both her and her U.S. citizen daughter, and (2) subjected her daughter to "extreme cruelty." The petitioner claimed that this new evidence entitled her to cancellation of removal pursuant to § 240A(b)(2) of the Act.

The BIA denied the motion to remand, indicating (1) that the evidence offered was insufficient to trigger § 240A(b)(2), and (2)

that she had failed to demonstrate the "extreme hardship" requirement of the section.

■ Because the evidence submitted in support of the motion addresses a ground distinct from that considered by the Immigration Court such as to "make the motion [to remand] a request for new relief, rather than for reconsideration of a prior denial," we have jurisdiction to review the denial of a motion to remand. *Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

■ Because the BIA did not address petitioner's claim that her husband had subjected her daughter to "extreme cruelty," we remand to the BIA with instructions to do so. Also, we remand with instructions to explain more fully both factually and legally the Board's conclusive statement of no showing of extreme hardship.

REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.